**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Credit Managers Association of California, DBA Credit Managers Association, Assignee for the Benefit of Creditors of Pandigital, Inc., <br><br>          Plaintiff, <br>     v. <br><br>American Express Co.; and Does 1 through 10, inclusive, <br><br><br><br>          Defendants. | CV 13-5342 RSWL (MRWx) <br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

    The Court is in receipt of Defendant American Express Company's ("AEC") Notice of Removal, which alleges diversity jurisdiction as the ground for removing this Action to federal court [1].

    The removal statute, 28 U.S.C. § 1441, allows a defendant to remove a case originally filed in state court when the case presents a federal question or is an action between citizens of different states and involves an amount in controversy that exceeds $75,000.

See 28 U.S.C. §§ 1441(a), (b).  See also 28 U.S.C. §§ 1331, 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988), Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 818 (9th Cir. 1985), and Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and Emich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).

"[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  See 28 U.S.C. § 1332(a)(1).

As the party invoking federal jurisdiction in this case, Defendant AEC has the burden of establishing the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001); Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

The Notice of Removal alleges that removal is proper based on diversity jurisdiction. Here, the Complaint alleges that the amount in controversy is $74,000, which is less than what is required for establishing diversity jurisdiction. See Compl. ¶ 6.

Therefore, it is **ORDERED** that Defendant AEC show cause why this case is removable to federal district court based on diversity of citizenship. Defendant AEC has no later than **August 15, 2013**, to respond, in writing, demonstrating why this case should not be remanded for lack of subject matter jurisdiction. The matter will stand submitted upon the filing of the response or on the date the response is due, whichever occurs first.

**IT IS SO ORDERED.**

DATED: August 5, 2013

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge